**SCOTT R. BROWN,** (*pro hac vice pending*)
**CHERYL L. BURBACH,** (*pro hac vice pending*)
**Attorneys for Defendants**
**HOVEY WILLIAMS LLP**
**10801 Mastin Boulevard, Suite 1000**
**Overland Park, Kansas 66210**
**Telephone: 913-647-9050**
srb@hoveywilliams.com
clb@hoveywilliams.com

**H. SCOTT JACOBSON, (State Bar No. 8469)**
**Attorneys for Defendants**
**STRONG & HANNI**
**3 Triad Center, Suite 500**
**Salt Lake City, Utah 84180**
**Telephone: 801-532-7080**
**Facsimile: 801-596-1508**
sjacobson@strongandhanni.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RIMPORTS (USA) LLC,<br>　　　　　Plaintiff,<br><br>　v.<br><br>LANGLEY/EMPIRE CANDLE LLC,<br>RICHARD LANGLEY, JR., JOHN GOLDEN,<br>JENNI KLIENOW, FRED RUTHERFORD<br>and BRANDI JONES,<br>　　　　　Defendants<br><br>and<br><br>LANGLEY/EMPIRE CANDLE LLC,<br>　　　　　Counterclaim Plaintiff,<br><br>　v.<br><br>RIMPORTS (USA) LLC,<br>　　　　　Counterclaim Defendant. | **DEFENDANT LANGLEY/EMPIRE CANDLE LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**<br><br>Civil No.: 2:12-cv-01199-TC<br><br>Judge Campbell<br><br>(Jury Trial Demanded) |

Defendant Langley/Empire Candle LLC ("Langley/Empire") (referred to as "Langley/Empire"), for its Answer to Rimports (USA) LLC's ("Rimports") Complaint, hereby states as follows, with each numbered answer corresponding to the numbered paragraph of Complaint:

## I. PARTIES, JURISDICTION AND VENUE

1. Langley/Empire lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

2. Admitted.

3. Admitted.

4. Admitted that Defendant John Golden is a resident of Kansas. Langley/Empire denies the remaining allegations of this paragraph.

5. Admitted.

6. Admitted that Defendant Fred Rutherford is executive vice president of Defendant Langley/Empire. Langley/Empire denies the remaining allegations of this paragraph.

7. Admitted that Defendant Brandi Jones is a marketing assistant at Defendant Langley/Empire. Langley/Empire denies the remaining allegations of this paragraph.

8. Langley/Empire admits that there is diversity of citizenship, but denies the remaining allegations of this paragraph.

9. Admitted.

10. Admitted.

11. Denied.

12. Admitted that the activities of the individual Defendants identified in the Complaint were in the scope of their employment for Defendant Langley/Empire. Langley/Empire denies the remaining allegations of this paragraph.

13. Denied.

## II. NATURE OF CLAIMS

Langley/Empire admits that Plaintiff has alleged trade dress infringement claims against Defendants under the Lanham Act, including claims for injunctive relief, impoundment and disposition of infringing products and material, Defendant Langley/Empire's profits and Plaintiff's damages, including treble damages for willful infringement, and Plaintiff's attorney fees and costs. Langley/Empire admits that Plaintiff has alleged a supplemental state common law claim against Defendants for tortuous interference, for which Plaintiff seeks its damages, including punitive damages. Langley/Empire denies the remaining allegations of this paragraph.

## III. **GENERAL ALLEGATIONS**

14. No facts are alleged in this paragraph and no response is required.

15. Langley/Empire lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

16. Langley/Empire lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

17. Langley/Empire lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

18. Langley/Empire lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

19. Langley/Empire lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

20. Langley/Empire lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

21. Langley/Empire lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

22. Denied.

23. Denied.

24. Denied.

25. Langley/Empire lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

26. Admitted that Plaintiff has never given permission to it to use any elements of Plaintiff's alleged "Warmer Packaging Trade Dress." Langley/Empire denies the remaining allegations of this paragraph.

27. Langley/Empire lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

28. Langley/Empire lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

29. Langley/Empire lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

30. Langley/Empire lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

31. Langley/Empire lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

32. Langley/Empire lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

33. Langley/Empire lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

34. Denied.

35. Denied.

36. Denied.

37. Langley/Empire lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies them.

38. Langley/Empire admits that Plaintiff has never given permission to it to use any of the elements of Plaintiff's alleged "Plug-In Warmer Packaging Trade Dress." Langley/Empire denies the remaining allegations of this paragraph.

39. Admitted.

40. Denied.

41. Langley/Empire denies that Exhibit A evidences a complete chain of email correspondence about the topic indicated and denies all remaining allegations.

42. Denied.

43. Admitted that Langley/Empire acquired the assets of For Every Body LLC, but denies the remaining allegations of that paragraph.

44. Denied.

45. Denied.

46. Denied.

47. Langley/Empire denies that Exhibit B evidences a complete chain of email correspondence about the topic indicated.

48. Denied.

50. Denied.

51. Denied.

52. Langley/Empire denies that Exhibit C evidences a complete chain of email correspondence about the topic indicated.

53. Denied.

54. Denied.

### FIRST CAUSE OF ACTION
### (All Defendants)
### Lanham Act – Deceptive Trade Practices / Trade Dress Infringement
### Defendant Langley/Empire's "Dual Warmer" Packaging
### (15 U.S.C. § 1125(a)(1)(B))

55. No facts are alleged in this paragraph and no response is required.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## SECOND CAUSE OF ACTION
### (All Defendants)
### Lanham Act – Deceptive Trade Practices / Trade Dress Infringement
### Defendant Langley/Empire's "Fragrance Bar Warmer" Packaging
### (15 U.S.C. § 1125(a)(1)(B))

62. No facts are alleged in this paragraph and no response is required.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## THIRD CAUSE OF ACTION
### (All Defendants)
### Lanham Act – Deceptive Trade Practices / Trade Dress Infringement
### Defendant Langley/Empire's "Plug In Warmer" Packaging
### (15 U.S.C. § 1125(a)(1)(B))

69. No facts are alleged in this paragraph and no response is required.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## FOURTH CAUSE OF ACTION
### (All Defendants)
### Tortious interference with existing and prospective economic relations

76. No facts are alleged in this paragraph and no response is required.

77. Denied.

78. Denied.

79. Denied.

## FIFTH CAUSE OF ACTION
### (Individual Defendants)
### Conspiracy

80. No facts are alleged in this paragraph and no response is required.

81. Denied.

82. Denied.

83. Langley/Empire denies all allegations not expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

1. One or more of Plaintiff's claims fail to state a claim for which relief may be granted, including, without limitation, as follows:

    a. Plaintiff's claims against the Individual Defendants fails to state a claim because it fails to establish or adequately allege facts to support the allegations that the Individual Defendants controlled, authorized or directed the allegedly infringing activities.

2. Plaintiff's claims are barred by the doctrines of laches, waiver, and estoppel.

3. Plaintiff's claims are barred by the doctrine of unclean hands.

4. Plaintiff's does not own any protectable trade dress in its wax warmer packaging and plug-in warmer packaging because the alleged trade dress is functional and incapable of legal protection under trade dress and unfair competition law.

5. Plaintiff's alleged trade dress in its wax warmers and plug-in warmers is not inherently distinctive.

6. Plaintiff's alleged trade dress in its wax warmers and plug-in warmers has not attained secondary meaning.

## COUNTERCLAIM

COMES NOW Langley/Empire Candle LLC ("Langley/Empire") and, for its Counterclaim against Plaintiff/Counterclaim Defendant Rimports (USA) LLC and alleges as follows:

### Parties

1. Langley/Empire is a Kansas limited liability company with its principal place of business in Kansas City, Kansas.

2. Counterclaim Defendant Rimports (USA) LLC is a Utah limited liability company with its principal place of business in Provo, Utah

### Jurisdiction and Venue

3. This Court is vested with subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1367, 2201 and 2202.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a).

5. This Court has personal jurisdiction over the Counterclaim Defendant pursuant because, among other reasons, is principally located or resides in Utah, transacts and has transacted business in Utah, and has caused injury to Langley/Empire in Utah.

## GENERAL ALLEGATIONS

### Joshua Wright

6. In 2010, Joshua Wright was a product manager for For Every Body, LLC ("FEB").

7. In August 2011, Langley/Empire acquired FEB's assets.

8. At the same time as the asset purchase agreement, Wright accepted employment with Langley/Empire as product manager. As a prerequisite of employment with Langley/Empire, Wright received and was asked to sign the Langley/Empire Employee Policy Manual, which contained, among other things, a confidentiality agreement.

9. Langley/Empire's Employee Manual included provisions acknowledging the confidential and trade secret nature of the information belonging to the company:

> **Confidentiality**
>
> All records and files of the Company are the property of the Company and are considered confidential. You are not authorized to copy or disclose any file or record. Confidential information includes, but is not limited to, information related to customer lists, payroll or personnel information and records, financial records of the Company, all records pertaining to purchases from vendors or suppliers, agreements with manufacturers or distributors, and documents concerning the procedures of the Company. A violation of this policy may result in discipline, up to and including termination of employment.

10. After accepting employment with Langley/Empire, Wright continued to work on the development of the wax warmer packaging; specifically, his responsibilities included, among other things, the creation, design, selection of the wax warmer packaging for Langley/Empire, as well as coordination with the manufacturer of said packaging.

11. In the course of Wright's employment with Langley/Empire, Wright communicated directly with the manufacturer about the creation, design and manufacturing of

the wax warmer packaging at issue in this lawsuit. Those communications included email exchanges, photographs, price quotation sheets, design specifications, technical drawings and other business documents of Langley/Empire ("the Langley/Empire trade secrets")

12. The communications, information, and content were and are proprietary and trade secrets of Langley/Empire. For instance, Rimports exhibits identify Langley/Empire's manufacturers and vendors, pricing, profit margin, customers, and designs.

13. Wright left Langley/Empire in March 2012.

14. Promptly thereafter, Wright became employed by Plaintiff and Counterclaim Defendant Rimports.

15. Upon information and belief, Wright impermissibly retained and reproduced copies of Langley/Empire's confidential business documents and shared them with Rimports.

### Rimports

16. Rimports is one of Langley/Empire's competitors.

17. In its original filing of the lawsuit, Rimports referred to Langley/Empire's confidential business documents and actually attached copies to the Complaint. Rimports knew or should have known that the information contained trade secret and was not properly obtained from Langley/Empire.

18. Upon receiving the Complaint, Langley/Empire's counsel promptly notified Rimports that the documents and content of those documents were confidential business information and trade secret. Langley/Empire requested discontinued use of Langley/Empire's trade secrets, a full disclosure of all information improperly obtained, a detailed account of who has had access to the information and how that information has been used.

19. While Rimports ultimately filed a Motion to Seal the documents with the Court, Rimports has denied that the information constitutes Langley/Empire's trade secrets and has declined to comply with Langley/Empire's requests.

20. In particular, on information and belief, Rimports has used Langley/Empire's trade secrets and refused to discontinue use, provide a full disclosure of all information improperly obtained, a detailed account of who has had access to the information, and how that information has been used.

21. Langley/Empire is entitled to an injunction against any use of Langley/Empire's trade secrets and confidential business documents and damages for use of the trade secrets after the date the Counterclaim Defendants knew or should have known of the misappropriation.

## Count 1 for Misappropriation and Threatened/Future Misappropriation of Trade Secrets Under Utah Code Ann. § 13-24-8(2)(b)

22. Langley/Empire incorporates the proceeding paragraphs by reference.

23. The Langley/Empire trade secrets were and are a trade secret, in that they derive independent economic value, actual and potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure or use.

24. The Langley/Empire trade secrets were and are the subject of efforts by Langley/Empire that were and are reasonable under the circumstances to maintain the secrecy of these trade secrets.

25. Counterclaim Defendant Rimports acquired the Langley/Empire trade secrets by improper means, including, but not limited to, theft, misrepresentation, and/or breach or inducement of a breach of a duty to maintain secrecy.

26. Counterclaim Defendant Rimports misappropriated and threaten to misappropriate the Langley/Empire trade secrets by, among other things, acquiring the Langley/Empire trade secrets with knowledge that such acquisition was by improper means; and/or by disclosing or using the Langley/Empire trade secrets without express or implied consent, when Counterclaim Defendant Rimports used improper means to acquire knowledge of the Langley/Empire trade secrets; or at the time of disclosure or use, knew or had reason to know that knowledge of the trade secrets was derived from or through a person who had utilized improper means to acquire it, acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, or derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or before a material change of their position, knew or had reason to know that the information was a trade secret and that knowledge of it had been acquired by accident or mistake.

27. Upon information and belief, Rimports has used the Langley/Empire trade secrets in its business.

28. As a direct and proximate result of the misappropriation and threatened misappropriation of Langley/Empire's trade secrets by Counterclaim Defendant, Langley/Empire is entitled to recover an amount to be determined at trial, including damages for (1) the actual loss caused by the misappropriation, and (2) the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss; or, in lieu of these damages, by (3) imposition of liability for a reasonable royalty for the unauthorized disclosure or use of Plaintiff's trade secrets, pursuant to Utah Code Ann. § 13-24-4(1).

**Request for Relief**

29. Langley/Empire is entitled to (1) an injunction enjoining Counterclaim Defendant's actual and/or threatened misappropriation; or in the alternative, (2) an injunction conditioning future use upon payment of a reasonable royalty, should exceptional circumstances exist; in addition to (3) any mandatory injunction appropriate to protect Langley/Empire's trade secrets, pursuant to Utah Code Ann. § 13-24-3.

30. Counterclaim Defendant's acts were willful and malicious, and as a result Langley/Empire is entitled to an award of exemplary damages pursuant to Utah Code Ann. § 13-24-4(2) in an amount of twice any award made for misappropriation of Langley/Empire's trade secrets pursuant to Utah Code Ann. § 13-24-4(1), as well as reasonable attorneys' fees pursuant to Utah Code Ann. § 13-24-5.

**Count 2 for Conversion**

31. Plaintiff incorporates the preceding paragraphs by reference.

32. Counterclaim Defendant Rimports has willfully interfered with chattel belonging to Langley/Empire, including but not necessarily limited to the Langley/Empire trade secrets and/or confidential business information.

33. Counterclaim Defendant's interference was without lawful justification, and deprived Langley/Empire of the exclusive use, possession, and/or control of its property.

34. As a direct and proximate result of Counterclaim Defendant's acts, Langley/Empire has been damaged in an amount to be proven at trial.

**Request for Relief**

35. Counterclaim Defendant's conversion of Langley/Empire's property is willful or malicious, or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless

indifference toward, and disregard of, the rights of Langley/Empire, and, thus, Langley/Empire is entitled to an award of punitive damages against Counterclaim Defendant pursuant to Utah Code Ann. § 78-18-1(1)(a).

### Count 3 for Unjust Enrichment

36. Langley/Empire incorporates the preceding paragraphs by reference.

37. Langley/Empire has, albeit unknowingly, conferred a benefit on the Counterclaim Defendant whereby Langley/Empire is entitled to compensation and damages.

38. Counterclaim Defendant accepted the benefits of Langley/Empire's efforts, albeit without informing Langley/Empire, and did so under circumstances whereby it would be inequitable for Counterclaim Defendant to retain benefits without paying the value thereof.

### Request for Relief

39. Langley/Empire is entitled to a judgment against Counterclaim Defendant in an amount to be determined at trial.

### Count 4 for Declaratory Judgment

40. Langley/Empire incorporates the preceding paragraphs by reference.

41. There exists an actual controversy between Langley/Empire and Rimports. Rimports has sued Langley/Empire with trade dress infringement of Rimports' wax warmer packaging. Langley/Empire contends that it has the right to manufacture and sell its wax warmers products in the packaging at issue without license from Rimports.

42. Langley/Empire is not infringing the alleged trade dress because Rimports owns no protectable trade dress in its packaging, Langley/Empire's packaging is not confusingly similar to Rimports's packaging and, thus, Langley/Empire's activities do not constitute a

violation of 15 U.S.C. §1125(a), tortious interference with existing and prospective economic relations, or acts of conspiracy.

### Request for Relief

43. Under Federal Rule of Civil Procedures 57 and 28 U.S.C. § 2201, Langley/Empire seeks a declaration from this Court:

(a) that Rimports's wax warmer packaging does not constitute protectable trade dress or Langley/Empire is not infringing Rimports's alleged trade dress;

(b) that Langley/Empire's acts do not constitute a violation of 15 U.S.C. §1125(a), tortious interference with existing and prospective economic relations, or acts of conspiracy; and

(b) awarding Langley/Empire all additional relief to which it is entitled.

### Jury Demand

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant/Counterclaim Plaintiff Langley/Empire Candle LLC demands a jury trial.

Dated: February 25, 2013             Respectfully Submitted,

*Electronically signed by H. Scott Jacobson 2/25/13*
_____
H. Scott Jacobson (State Bar No. 8469)
STRONG & HANNI, P.C.
3 Triad Center, Suite 500
Salt Lake City, Utah 84180
T: (801) 532-7080
F: (801) 596-1508
sjacobson@stronghanni.com

Scott R. Brown, (*pro hac vice pending*)
Cheryl L. Burbach, (*pro hac vice pending*)
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
T: (913) 647-9050
F: (913) 647-9057
srb@hoveywilliams.com
clb@hoveywilliams.com


ATTORNEYS FOR DEFENDANT
LANGLEY/EMPIRE CANDLE LLC

## Certificate of Service

I hereby certify that on the 25th day of February, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM / ECF system, which sent notification of such filing to the following registered users of the ECF system:

Barnard N. Madsen, bmadsen@fslaw.com
Matthew R. Howell, mhowell@fslaw.com
Scott D. Preston, spreston@fslaw.com
FILLMORE SPENCER LLC
3301 N. University Ave.
Provo, Utah 84604
(801) 426-8200

ATTORNEYS FOR PLAINTIFF RIMPORTS (USA) LLC


Joshua Wright
1189 West 200 South
Springville, UT  84663.

                                                                                                        s/ _____