**SCOTT R. BROWN, (PRO HAC VICE PENDING)**
**CHERYL L. BURBACH, (PRO HAC VICE PENDING)**
**ATTORNEYS FOR DEFENDANTS**
**HOVEY WILLIAMS LLP**
**10801 MASTIN BOULEVARD, SUITE 1000**
**OVERLAND PARK, KANSAS 66210**
**TELEPHONE: 913-647-9050**
**SRB@HOVEYWILLIAMS.COM**
**CLB@HOVEYWILLIAMS.COM**

**H. SCOTT JACOBSON, (STATE BAR NO. 8469)**
**ATTORNEYS FOR DEFENDANTS**
**STRONG & HANNI**
**3 TRIAD CENTER, SUITE 500**
**SALT LAKE CITY, UTAH 84180**
**TELEPHONE: 801-532-7080**
**FACSIMILE: 801-596-1508**
**SJACOBSON@STRONGANDHANNI.COM**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RIMPORTS (USA) LLC, <br><br> Plaintiff, <br><br> v. <br><br> LANGLEY/EMPIRE CANDLE LLC, RICHARD LANGLEY, JR., JOHN GOLDEN, JENNI KLIENOW, FRED RUTHERFORD and BRANDI JONES, <br><br> Defendants. | **DEFENDANTS JENNI KLIENOW, JOHN GOLDEN, BRANDI JONES, AND RICHARD LANGLEY JR.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM AND SUPPORTING MEMORANDUM** <br><br> Civil No.: 2:12-cv-01199-TC <br><br> Judge Campbell |

## TABLE OF CONTENTS

I.      PRECISE RELIEF SOUGHT AND SPECIFIC GROUNDS THEREFOR........................ v

II.     BACKGROUND. ..................................................................................................... v

III.    STATEMENT OF FACTS ........................................................................................ vi

IV.     ARGUMENT ........................................................................................................... 1

    A. THIS COURT LACKS PERSONAL JURISDICTION OVER THE EMPLOYEES ... 2

    B. THE EMPLOYEES ARE NOT SUBJECT TO GENERAL PERSONAL
       JURISDICTION ................................................................................................. 3

    C. THE EMPLOYEES ARE NOT SUBJECT TO SPECIFIC JURISDICTION ............... 4

       1.  None of the Employees Have Transacted Business Within the State of Utah ........ 5

          a)  The Long-Arm Statute Does not Apply ........................................................... 5

          b)  Attributing The Alleged Actions Of Langley To The Employees' Would
             Violate The Employees' Due Process ................................................... 6

       2.  The Employees' Actions Relating to the Claims Did Not Cause Rimports   Injury
          Within Utah ................................................................................................... 6

    D. PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE EMPLOYEES UPON
       WHICH RELIEF CAN BE  GRANTED ....................................................... 7

       1.  Standard ................................................................................................... 7

       2.  The complaint Omits Sufficient Factual Allegations Against the Employees and,
          Therefore, Fails to State a Claim Under Fed.  R.  Civ.  P.  12(b)(6) ........................ 8

V.      CONCLUSION ..................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

*American Land v.Bonaventura Uitgevers Maatschappij*
   710 F.2d 1449 (10th Cir.  1983)..................................................................... 6

*Arguello v. Indus.  Woodworking Mach. Co.*
   838 P.2d 1120 (Utah 1992). ....................................................................... 3, 6

*Ashcroft v. Iqbal*
   129 S.Ct. 1937 (2009) ................................................................................... 7

*Bambu Sales, Inc. v. Sultana Crackers, Inc.*
   683 F. Supp. 899, 7 U.S.P.Q.2d 1177 (E.D.N.Y. 1988) ............................... 8

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 554 (2007) ...................................................................................... 7

*Brunswick Corp. v. Spinit Reel Co.*
   832 F.2d 513 (10th Cir. 1987)....................................................................... 7

*Burger King Corp. v. Rudzewicz*
   471 U.S. 462 (1985) ...................................................................................... 1

*Fenn v.Mleads Enters., Inc.*
   2006 UT 8, 137 P.3d 706 (Utah 2006)....................................................... 2, 5

*Indus. Constructors Corp. v. United States Bureau of Reclamation*
   15 F.3d 963 (10th Cir.1994).......................................................................... 9

*International Shoe Co. v. Korea*
   326 U.S. 310 (1945) .................................................................................. 1, 5

*MFS Series Trust III v.  Grainger*
   2004 UT 61, 96 P.3d 927 (Utah 2004)....................................................... 3, 5

*Neways, Inc. v. McCausland*
   950 P.2d 420 (Utah 1997) ............................................................................. 4

*Novell, Inc. v. Network Trade Center, Inc.*
    25 F.Supp.2d 1218 (D. Utah 1997) ........................................................................... 8

*Novell, Inc. v. Network Trade Center, Inc.*
    187 F.R.D. 657 (D. Utah 1999) ................................................................................. 8

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*
    149 F.3d 1086 (10th Cir. 1998) ................................................................................ 1

*Parry v.  Ernst Home Center Corp.*
    779 P.2d 659 (Utah 1989) ......................................................................................... 6

*Pohl, Inc.of America v. Webelhuth*
    201 P.3d 944 (Utah 2008) ................................................................................. 2, 4, 5, 6

*Rambo v. American Southern Ins. Co.*
    839 F.2d 1415 (10th Cir.1988) ................................................................................. 1

*Roskelly & Co. v. Lerco, Inc.*
    10 P.2d 1307 (Utah 1980) ......................................................................................... 3

*Rush v.  Savchuk*
    444 U.S. 320 (1980) ................................................................................................. 6

*SII MegaDiamond v. American Superabrasives Corp.*
    969 P.2d 430 (Utah 1998) ......................................................................................... 5

*Shaffer v. Heitner*
    433 U.S. 186 (1977) ................................................................................................. 2

*Synergetics v.  Marathon Ranching Co., Ltd.*
    701 P.2d 1106 (Utah 1985) ....................................................................................... 5

*Union Ski Co.  v.  Union Plastics Corp.*
    548 P.2d 1257 (Utah 1976) .................................................................................... 2, 5

*World-Wide Volkswagen Corp. v. Woodson*
    444 U.S. 286 (1979) ................................................................................................. 1

<u>S<small>TATUTES</small></u>

15 U.S.C.  1125(a) ................................................................................................ 7, 8

Fed. R. Civ. P. 12(b) ....................................................................................... v, 1, 7

Fed. R. Civ. P. 12(b)( 2)...................................................................................... 1, 9

Utah Code Ann.  § 78B-3-202 ................................................................................. 5

Utah Code Ann.  § 78B-3-205 .............................................................................. 4, 5

Utah St. Ann. §  78-27-24....................................................................................... 2

<u>T<small>REATISES</small></u>

5 M<small>C</small>C<small>ARTHY ON</small> T<small>RADEMARKS AND</small> U<small>NFAIR</small> C<small>OMPETITION</small> § 25:24 ............................................ 8

I.      PRECISE RELIEF SOUGHT AND SPECIFIC GROUNDS THEREFOR.

Defendants Richard Langley, Jr., John Golden, Jenni Klienow, and Brandi Jones (collectively "the Employees") respectfully request the Court dismiss each of them from this lawsuit under Fed. R. Civ. P. 12(b) due to lack of personal jurisdiction and/or because the Plaintiff failed to state a claim upon which relief can be granted.[1]

II.     BACKGROUND.

Rimports's complaint contains claims of trade dress infringement, tortious interference with existing and prospective economic relations, and conspiracy.  Pleading only legal conclusions that lack factual allegations to plausibly support them, Rimports has personally named five non-resident employees of Langley/Empire Candle LLC ("Langley/Empire") as defendants.  According to these unsupported conclusions, the Employees conspired to infringe Rimports's alleged trade dress in packaging for wax warmers.  The problem with the claims against the Employees is twofold: (1) this Court lacks personal jurisdiction over the individuals who have no minimum contacts with the state of Utah and did not direct the alleged tortious actions; and (2) not only do the charging allegations fail to allege facts to support the legal conclusions, but the emails attached to the complaint and made a part of it as a result demonstrate the Employees were passive observers of the alleged torts and, consequently, the counts against the individuals must also be dismissed for failure to state a claim upon which relief can be granted. The Employees' sole involvement with the allegedly infringing packaging has been confined to performing their assigned job responsibilities at Langley, located in Kansas City, Kansas.  Accordingly, Rimports cannot establish that the Employees are subject to either

---

[1] An additional "Employee" defendant, Fred Rutherford, is also named in plaintiff's Complaint, but has not yet been served with the Complaint or Summons.  It is anticipated that Mr. Rutherford will join in this Motion to Dismiss if and when he is properly served.

general or specific jurisdiction in Utah, and Rimports's claims must be dismissed against the Employees for failure to state a claim.

III.    STATEMENT OF FACTS

1.    Richard ("Rick") Langley Jr.  is a resident of Lexington, Kentucky ("Mr. Langley").  [Declaration of Richard Langley Jr.  ("Langley Dec."), February 20, 2013, ) ¶ 2, a copy of which is attached hereto as Exhibit A].  He has never lived in Utah and has not visited since 2011.  [Id.  ¶ 3].  He has never owned, used, or possessed real or personal property in Utah.  [Id.  ¶ 4].  He has never had a bank account in Utah.  [Id.  ¶ 5].  He has never had an address or telephone listing in Utah.  [Id.  ¶ 6].  He has never paid taxes in Utah or advertised a product in Utah.  [Id.  ¶78].  He has not contracted to supply services or goods in Utah.  [Id.  ¶8].  He has not personally caused any injury within Utah whether tortious or by breach of warranty.  [Id. ¶9].  He is not a parent of a child in Utah, nor pays child support in Utah.  [Id.  ¶10].  Mr. Langley's position at Langley since 2010 has been Chief Executive Officer.   His job responsibilities include developing and implementing high-level business strategies, making major corporate decisions, and managing the overall operations and resources of a company.  He did not direct or control Langley/Empire or its employees in creating, designing or manufacturing the packaging for the wax warmers identified in the complaint.  [Id. ¶12].  While he was copied on emails about those activities, Langley/Empire's former employee, Josh Wright, directed and controlled the creation, design and manufacturing of the packaging at issue.  [Id. ¶13].

2.    John Golden is a resident of Leawood, Kansas ("Golden").  [Declaration of John Golden ("Golden Dec."), February 20, 2013, ) ¶ 2, a copy of which is attached hereto as Exhibit B].  He has never lived in Utah and has never visited Utah.  [Id.  ¶ 3].  He has never owned, used,

or possessed real or personal property in Utah.  [Id. ¶ 4].  He has never had a bank account in Utah.  [Id. ¶ 5].  He has never had an address or telephone listing in Utah.  [Id. ¶ 6].  He has never paid taxes in Utah or advertised a product in Utah.  [Id. ¶ 7].  He has not contracted to supply services or goods in Utah.  [Id. ¶8].  He has not personally caused any injury within Utah whether tortious or by breach of warranty.  [Id. ¶9].  He is not a parent of a child in Utah, nor pays child support in Utah.  [Id. ¶10].  He has not worked or conducted any other business in Utah.  [Id. ¶ 11].  In 2010, Mr. Golden's position at Langley/Empire was Director of Marketing.  His job responsibilities included being responsible for concept and development of candles and accessories, trend and market research analysis related to colors, formats, and fragrances, sales analysis, interfacing with retail customers and Langley/Empire, and product sourcing and vendor management.

3.      Beginning in February 2012 to the present, Mr. Golden's title became Product Development and Sourcing Manager.  His job duties include working closely with Sales, Marketing, Graphic Design and external suppliers in the development of new products, supporting the Director of Marketing/Product Development, defining pertinent elements for sourcing products, serving as a key contact with offshore offices/related parties in representing the strategies to provide information and guidance for sourcing activities, regularly maintaining tracking and project timeline tools, monitoring and supporting sample collection, approval and updating processes, collaborating with Quality Assurance Team members, collaborating to define, manage and execute product development projects within designated Private Label policies, collaborating with Import Logistics to ensure statutory/trade documentation and process requirements are achieved, and working with suppliers to identify opportunity buys.  [Id. ¶13].

He is not an officer of Langley/Empire, nor owns any financial interest in Langley/Empire. [Id. ¶14].

4.      Jenni Klienow is a resident of Edwardsville, Kansas ("Klienow"). [Declaration of Jenni Klienow ("Klienow Dec."), February 22, 2013,) ¶ 2, a copy of which is attached hereto as Exhibit C]. She has never lived in Utah and has never visited Utah. [Id. ¶ 3]. She has never owned, used, or possessed real or personal property in Utah. [Id. ¶ 4]. She has never had a bank account in Utah. [Id. ¶ 5]. She has never had an address or telephone listing in Utah. [Id. ¶ 6]. She has never paid taxes in Utah or advertised a product in Utah. [Id. ¶ 7]. She has not contracted to supply services or goods in Utah. [Id. ¶8]. She has not personally caused any injury within Utah whether tortious or by breach of warranty. [Id. ¶9]. She is not a parent of a child in Utah, nor pays child support in Utah. [Id. ¶10]. She has not worked or conducted any other business in Utah. [Id. ¶ 11]. Ms. Kleinow's position at Langley/Empire since 2010 has been Supply Chain Manager. Her job responsibilities include managing the purchasing team and bill of materials. She stays in communication between sales, production, and purchasing on details of orders. She is not an officer of Langley/Empire, nor owns any financial interest in Langley/Empire.

5.      Brandi Jones is a resident of Blue Springs, Missouri ("Jones"). [Declaration of Brandi Jones ("Jones Dec."), February 20, 2013, ) ¶ 2, a copy of which is attached hereto as Exhibit D]. She has never lived in Utah and has only visited Utah once approximately a decade ago for personal reasons. [Id. ¶ 3]. She has never owned, used, or possessed real or personal property in Utah. [Id. ¶ 4]. She has never had a bank account in Utah. [Id. ¶ 5]. She has never had an address or telephone listing in Utah. [Id. ¶ 6]. Ms. Jones has never paid taxes in Utah or advertised a product in Utah. [Id. ¶ 7]. She has not contracted to supply services or goods in

Utah.  [Id.  ¶8].  She has not personally caused any injury within Utah whether tortious or by breach of warranty.  [Id.  ¶9].  She is not a parent of a child in Utah, nor pays child support in Utah.  [Id.  ¶10].  She has not worked or conducted any other business in Utah.  [Id.  ¶ 11].  Her position at Langley/Empire Candle LLC ("Langley/Empire") since 2011 has been Marketing Assistant.  Her job responsibilities include administrative tasks, including answering marketing calls and emails, ensuring samples are shipped to customers correctly and in a timely manner, coordinating with the samples supervisor to ensure correct samples are produced, maintaining organized paper and computer files, keeping the showroom in tour ready conditions, maintaining sample and fragrance libraries, assist with label printing, and assisting with coordination of meetings and trade shows.  [Id. ¶13].   She is not an officer of Langley/Empire, nor owns any financial interest in Langley/Empire.  [Id.

6.     Prior to the service of the complaint and summonses, the Employees had no knowledge that Rimports alleged that their activities at Langley/Empire were unlawful. [Langley Dec. ¶13, Jones, Dec. ¶ 17, Golden ¶16, Klienow 17].  In fact, Plaintiff did not send any    notification    of    infringement    prior    to    instituting    this    lawsuit.       [Id.].

IV.    ARGUMENT

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that a Court may dismiss a motion for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)( 2). The plaintiff bears the burden of proof on the necessary jurisdictional facts, such as the existence of "minimum contacts" between defendants and the forum state. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292 (1979); *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir.1988). When a defendant's motion to dismiss is made as its initial response, plaintiff must make a prima facie showing that personal jurisdiction exists. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant. *Id.*

The exercise of personal jurisdiction must comport with constitutional due process. Pursuant to due process, a defendant is subject to jurisdiction within a state only if it has "minimum contacts" with that state, "such that the maintenance of the suit does not offend the traditional notion of fair play and substantial justice." *International Shoe Co. v. Korea*, 326 U.S, 310, 316 (1945).

The purpose of the "minimum contacts" requirement is to protect the defendant against the burden of litigation at a distant or inconvenient forum, and to ensure that states do not reach beyond the limits of their sovereignty imposed by their status in the federal system. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 - 292 (1980). The purposeful availment requirement ensures that defendants will not be haled into a jurisdiction through random, fortuitous, or attenuated contacts.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, (1985). The central concern of the jurisdiction inquiry is the relationship between the defendant, the forum,

and the litigation. *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). Applying the foregoing standards to the instant motion requires dismissing this lawsuit.

A.    THIS COURT LACKS PERSONAL JURISDICTION OVER THE EMPLOYEES

"The authority of the state to hale a nonresident into a state court hinges on the ability to establish personal jurisdiction." *Pohl, Inc. of America v. Webelhuth*, 201 P.3d 944, 949 (Utah 2008). Rimports bears the burden to affirmatively demonstrate that the Court has personal jurisdiction over the Employees. *Union Ski Co. v. Union Plastics Corp.*, 548 P.2d 1257, 1259 (Utah 1976). To meet its burden, Rimports "must demonstrate either specific or general jurisdiction" over the Employees. *Fenn v. Mleads Enters., Inc.*, 2006 UT 8, ¶ 8, 137 P.3d 706.

Utah's Long-Arm Statute, Utah St. Ann. § 78-27-24, provides

Any person, notwithstanding Section 16-10a-1501, whether or not a citizen or resident of this state, who in person or through an agent does any of the following enumerated acts, submits himself, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any claim arising out of or related to:

   (1) the transaction of any business within this state;
   (2) contracting to supply services or goods in this state;
   (3) the causing of any injury within this state whether tortious or by breach of warranty;
   (4) the ownership, use, or possession of any real estate situated in this state;
   (5) contracting to insure any person, property, or risk located within this state at the time of contracting;
   (6) with respect to actions of divorce, separate maintenance, or child support, having resided, in the marital relationship, within this state notwithstanding subsequent departure from the state; or
the commission in this state of the act giving rise to the claim, so long as that act is not a mere omission, failure to act, or occurrence over which the defendant had no control; or
   (7) the commission of sexual intercourse within this state which gives rise to a paternity suit under Title 78, Chapter 45a, to determine paternity for the purpose of establishing responsibility for child support.

When, as is the case here, a plaintiff does not submit written testimony in support of its complaint, and a defendant submits an affidavit to support the defendant's version of the jurisdictional facts, the Court must take "the facts asserted in the affidavit ... as true and the facts recited in the complaint are considered only to the extent that they do not contradict the affidavit." *MFS Series Trust III v. Grainger*, 2004 UT 61, ¶ 14, 96 P.3d 927 (quotations and citation omitted).

Rimports's allegations concerning the actions and liability of the Employees are thin, at best. In a single paragraph, Rimports avers:

> Upon information and belief, the activities of the individual Defendants were in the *scope of their employment* for Defendant Langley/Empire and their activities to carry out trade dress infringement, tortious interference, and conspiracy were directed toward or [sic] through their agent in the State of Utah, so this Court has personal jurisdiction over the individual Defendants.

(Emphasis added). Rimports cannot establish through this bare pleading either general or specific jurisdiction. As evidenced by the supporting Declarations to this Motion, the Employees did not control, direct or authorize the allegedly infringing activities, as those actions were not in the scope of their employment.

## B.   THE EMPLOYEES ARE NOT SUBJECT TO GENERAL PERSONAL JURISDICTION

General jurisdiction exists only when an individual's contacts with the subject forum are very substantial. *Arguello v. Indus. Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992). "For such jurisdiction to exist the defendant must be conducting substantial and continuous local activity in the forum state." Id. (emphasis added). Indeed, the substantial and continuous local activity must be so significant that the defendant is effectively a "pseudo-resident." *Roskelly & Co. v. Lerco, Inc.*, 10 P.2d 1307, 1311 (Utah 1980).

None of the traditional indicia of general personal jurisdiction are present with respect to the Employees.  None are or have been residents of Utah.  [Facts ¶¶ 1, 2, 4, 5].  None of the employees have owned, used, or possessed real or personal property in Utah.  [Id.  ¶¶ 1, 2, 4, 5]. None have had a bank account in Utah.  [Id.  ¶¶ 1, 2, 4, 5], or have had an address or telephone listing in Utah.  [Id.  ¶¶ 1, 2, 4, 5].  The Employees have not paid taxes in Utah or advertised a product in Utah.  [Id.  ¶¶ 1, 2, 4, 5].  None have contracted to supply services or goods in Utah. [Id.  ¶¶ 1, 2, 4, 5].  None have personally caused any injury within Utah whether tortious or by breach of warranty.  [Id.  ¶¶ 1, 2, 4, 5].  None of the Employees are parents of a child in Utah, or pays child support in Utah.  [Id.  ¶¶ 1, 2, 4, 5].  None have worked or conducted any business in Utah.  [Id.  ¶¶ 1, 2, 4, 5].   Thus, Rimports has not established that any of the Employees are subject to general personal jurisdiction in Utah.

C.     THE EMPLOYEES ARE NOT SUBJECT TO SPECIFIC JURISDICTION

To meet its burden with respect to specific personal jurisdiction, Rimports must show that its claims against the Employees arise from contacts that the Employees each have with Utah. *See, e.g., Neways, Inc.  v.  McCausland*, 950 P.2d 420, 423 (Utah 1997).  To do this, Rimports must both demonstrate that (1) its claims arise from an activity under Utah Code Ann.  § 78B-3-205, Utah's long-arm statute, and that (2) these activities meet the due process requirements of the Fourteenth Amendment.  *Pohl*, 201 P.3d at 950.  Rimports alleges that its claims arise from trade dress infringement, tortious interference with existing and prospective economic relations, and conspiracy.

### 1. None of the Employees Have Transacted Business Within the State of Utah

#### a) The Long-Arm Statute Does not Apply

"Transaction of business within this state mean[s] activities of a nonresident person, his agents, or representatives in this state which affect persons or businesses within the state." Utah Code Ann. § 78B-3-202; *Synergetics v. Marathon Ranching Co., Ltd.*, 701 P. 2d 1106, 1110 (Utah 1985). Although a defendant can transact business in Utah without physically being in the State, he must still "purposefully [direct] his efforts toward conducting business in Utah." *Pohl*, 201 P.3d at 952. Under this framework, purposefully traveling to Utah to negotiate, draft, and sign a contract equates to the transaction of business in Utah, *Synergetics*, 701 P.2d at 1110; as does sending weekly purchase orders by fax and phone to a Utah-based company as part of a long-term agreement. *SII MegaDiamond*, 969 P.2d 430, 434-35 (Utah 1998). The defendants in these cases, by soliciting business in Utah either directly or indirectly, purposefully availed themselves "of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *MFS Series Trust III*, 2004 UT 61, at ¶ 10 (quotations and citation omitted); *Fenn*, 2006 UT at ¶ 13 (same).

On the other hand, personal jurisdiction is less likely when the execution of the contract, the manufacture of the product, and the payments made take place outside of Utah. *Union Ski Co.*, 548 P.2d 1257 at 1259. Or when a third party is acting as a business intermediary with a Utah business and the defendant has minimal contact with the Utah business. *Pohl*, 201 P.3d at 952-53 (absent an agency theory, defendant's minimal actions alone did not fall under the transaction-of-business prong of the long-arm statute).

### b) Attributing The Alleged Actions Of Langley To The Employees' Would Violate The Employees' Due Process

Nor can Rimports claim that because the Employees work for Langley/Empire, they have each availed themselves of the laws and other privileges of doing business in Utah. To attribute Langley/Empire's alleged actions to the Employees would violate the terms of the statute. See Utah Code Ann. § 78B-3-205 (attributing acts to a person only if performed by a personal representative or by an agent). Here, the Employees were agents of Langley/Empire, not the reverse. And even if the statute were to stretch that far, it would push beyond the limits of the Fourteenth Amendment's Due Process clause. To comply with principles of fair play and substantial justice, "[e]ach defendant's contacts with the forum State must be assessed individually." *Pohl*, 201 P.3d at 954 (quotations omitted). As a result, regardless of whether this Court has jurisdiction over Langley/Empire, personal jurisdiction must still be "met as to each defendant over whom a state court exercises jurisdiction." *Rush v. Savchuk*, 444 U.S. 320, 332 (1980). As described above, the requirements of personal jurisdiction as to the Employees are not met.

### 2. The Employees' Actions Relating to the Claims Did Not Cause Rimports Injury Within Utah

Utah's long-arm statute is met when a plaintiff alleges that the defendant caused a tortious injury in Utah and that the plaintiff's claims arise from that injury. *Pohl*, 201 P.3d at 952. Rimports's unverified complaint, however, is contradicted by the Employees' declarations, and, thus, the facts stated in the Declaration are taken as true. *See, Arguello*, 838 P.2d at 1121.

Thus, the Employees have not aided and abetted or conspired with anyone to commit an overt or wrongful act in Utah. [Facts ¶ 6]. Even a showing that the Employees were aware Langley/Empire's products would be distributed in Utah does not satisfy the "minimum contacts"

requirement. *See Parry v. Ernst Home Center Corp.*, 779 P.2d 659, 667 (Utah 1989) (stating

that an "intentional and knowing distribution of product" in the western United States is not

necessarily sufficient to establish minimum contacts). Therefore, Utah does not have personal

jurisdiction over the Employees individually. *See American Land v. Bonaventura Uitgevers*

*Maatschappij*, 710 F.2d 1449, 1454 (10th Cir. 1983) (a plaintiff cannot avail itself of an

unverified complaint that a conspiracy existed when controverted by a defendant's sworn

affidavit).

    D.    **PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE EMPLOYEES UPON WHICH RELIEF CAN BE GRANTED**

    **1.  Standard**

In considering a complaint under Rule 12(b), this Court must adhere to the principles

articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S.

554 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Although the Court must

accept as true all well-pled factual allegations contained in the complaint, it is not required to

accept as true Plaintiff's legal conclusions. *Iqbal*, 129 S.Ct. at 1949. The Court must make

reasonable inferences in the plaintiff's favor, but "unwarranted deductions of fact" in a complaint

are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *See*

*Iqbal*, 129 S.Ct. at 1951. The pleading must set forth "enough facts to state a claim to relief that

is plausible on its face." *Twombly*, 127 S. Ct. at 570 (emphasis added). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949

(*citing Twombly*, 550 U.S. at 556).

**2. The complaint Omits Sufficient Factual Allegations Against the Employees and, Therefore, Fails to State a Claim Under Fed. R. Civ. P. 12(b)(6)**

The Lanham Act protects a party from having its trade dress used in false advertising or deceptive product promotion, and prevents the use of a trade dress to create the impression of an affiliating connection or association between the mark's owner and the goods or services of another. *Brunswick Corp. v. Spinit Reel Co.*, 832 F.2d 513, 517 (10th Cir. 1987). Specifically, 15 U.S.C. 1125(a) reads, in pertinent part,

(a) Civil action

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, Thus, to state a claim under 15 U.S.C. § 1125(a), a plaintiff must allege "(1) that defendant made material false or misleading misrepresentations of fact in connection with the commercial advertising or promotion of its product; (2) in commerce; (3) that are either likely to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services; and (4) injure the plaintiff."

In order for individual employees of Langley to be subject to liability under the Act, it must be established that the individuals had directed, controlled or authorized the alleged infringing activities. In order to be personally liable, corporate officers or directors must do more than merely control corporate affairs: the must be officer a moving, active conscious force behind the infringement. *Novell, Inc. v. Network Trade Center, Inc.* 25 F.Supp.2d 1218 (D. Utah

1997), *vacated in part on other grounds, Novell, Inc. v. Network Trade Center, Inc.*, 187 F.R.D. 657 (D. Utah 1999).  The complaint, including the exhibits, reveals no such averments or facts with regard to Defendant Richard Langley, Jr. (or Fred Rutherford), the only named defendants that are officers of Langley/Empire.

Likewise, managing employees can be held personally liable if they are the "moving, active, conscious forces behind" the corporation. 5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 25:24 (4th ed. 2012); *Bambu Sales, Inc. v. Sultana Crackers, Inc.*, 683 F. Supp. 899, 7 U.S.P.Q.2d 1177 (E.D.N.Y. 1988).

Plaintiff has pled that the Employees personally participated in Langely/Empire's infringing activities, are individually and collectively responsible for packaging design decisions of Langley/ Empire, and are, thus, "each individually and personally liable to Plaintiff" for Langley/ Empire's alleged infringement.  complaint, ¶¶45, 50, 54.  Indeed, Plaintiff merely alleges that the emails that were attached as exhibits to the complaint were "copied to the Individual Defendants who were each participants in the design decisions."  complaint, ¶¶46 and 51.  This is inadequate to state a claim for relief.

Noticeably absent from the Plaintiff's complaint are any factual allegations that the Employees directed, authorized, encouraged or controlled Langley's actions identified in the complaint.   What is the information and belief of this charging allegation founded upon?  The complaint is silent.  But the exhibits are not.  Indeed, the exhibits to the complaint illustrate that the Employees were nothing more than passive recipients of the email correspondence.[2]   None of the exhibits illustrate than any of the Employees makes a statement that authorizes, directs,

---

[2] Exhibits attached to a complaint are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss. *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 964–65 (10th Cir.1994).

controls, or otherwise provides input of any type with respect to the actions alleged to infringe. Also missing is any allegation of fact that any of the Employees knew or had reason to know that their actions were infringing.[3]

Rather, the only relevant individual that is identified in the complaint (as Langley/Empire's "product manager") or in the exhibits thereto, and the only employee that exercised control, authority, or directed those actions is Joshua Wright—*now an employee of Plaintiff*. The exhibits to the complaint evidence that Wright designed the accused packaging. The exhibits evidence that only Wright directed and controlled the selection and manufacturing of the disputed packaging. The exhibits evidence that only Wright performed those allegedly infringing activities within the scope of his employment. But Mr. Wright has not been named as a defendant.

In short, the complaint, in its entirety, fails to state a claim against the Employees upon which relief could or should be granted. As such, the Employees should be dismissed from the case.

V.   CONCLUSION

For all of the foregoing reasons, the Employees respectfully request that their Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim be granted.

---

[3] For the purposes of Defendants' 12(b)(6) motion, they do not rely on related factual averments in their declarations which are only relied upon for the motion with respect to lack of personal jurisdiction under 12(b)(2).

Dated: <u>February 25, 2013</u>          Respectfully Submitted,

*Electronically signed by H. Scott Jacobson 2/25/13*

_____

H.  Scott Jacobson (State Bar No. 8469)
STRONG & HANNI, P.C.
3 Triad Center, Suite 500
Salt Lake City, Utah 84180
T: (801) 532-7080
F: (801) 596-1508
sjacobson@stronghanni.com

Scott R.  Brown, (*pro hac vice pending*)
Cheryl L.  Burbach, (*pro hac vice pending*)
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
T: (913) 647-9050
F: (913) 647-9057
srb@hoveywilliams.com
clb@hoveywilliams.com

ATTORNEYS FOR DEFENDANTS

## Certificate of Service

I hereby certify that on the 25th day of February, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM / ECF system, which sent notification of such filing to the following registered users of the ECF system:

Barnard N.  Madsen, bmadsen@fslaw.com
Matthew R.  Howell, mhowell@fslaw.com
Scott D.  Preston, spreston@fslaw.com
FILLMORE SPENCER LLC
3301 N.  University Ave.
Provo, Utah 84604
(801) 426-8200

ATTORNEYS FOR PLAINTIFF RIMPORTS (USA) LLC

*Electronically signed by Michelle Peters 2/25/13*

_____

11